## Hibbs v. Chestnut.

(Decided October 17, 1912.)

### Appeal from McCracken Circuit Court.

Warranty—Action Upon and For Purchase Price of Mules.—In an action to recover the purchase price of a mule, and for its keep from the time of its purchase, evidence examined and held that

the plea of warranty is not sustained, and the verdict in favor of the defendant is not flagrantly against the weight of the evidence.

BERRY & GRASSHAM for appellant.

BRADSHAW & BRADSHAW for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant purchased a mule from appellee at the price of $205, and immediately sold it to Gus Thompson, who used it a short time and returned it to appellant, claiming that it was not sound and canceled the trade. In a short time thereafter, appellant tendered the mule back to appellee, but he refused to accept it. Appellant then instituted this action claiming that appellee guaranteed the mule to be so sound in every respect except as to its eyes. He alleged that the mule was badly wind-broken which greatly lessened its value, and asked for the purchase money paid by him and for $40 for the keep of the mule from the time of the purchase. Appellee denied the warranty and stated that the mule was sound so far as he knew.

The substance of appellant's testimony was about as stated in his petition. Appellee's testimony was that appellant knew the mule before he purchased it from him; that he knew it when Davis and Adams owned it. Appellant says the mule had the distemper at the time he bought it from Davis and Adams and that they so informed him, but that the mule recovered from that disease before he sold it to appellant; that it was not wind-broken while he owned it, but that it could contract that trouble in thirty minutes if improperly used. Appellant makes no objection to the instructions given, but complains only because, as he claims, the verdict is flagrantly against the weight of the evidence and also complains of the court's action in excluding the testimony of Lewis Adams and J. M. Adams, the persons from whom appellee purchased the mule. Their evidence was to the effect that they sold the mule to appellee as an unsound mule. This would have been very hurtful to appellant if appellee had not also sworn that the mule was unsound at the time he bought it from Davis and Adams; that they informed him at that time that the mule had the distemper. Appellant did not prove or attempt to

prove by anyone, that the mule was wind-broken while Davis and Adams owned it or at any time down to the day of the sale to him, nor is there any claim that he could have made such proof by Davis and Adams. The testimony of appellee to the effect that the mule could have become wind-broken in thirty minutes by improper use, was not contradicted, and the jury must have concluded that the mule contracted that trouble after the sale to appellant and while in the possession of the employes of Thompson, his vendee. In view of these facts, we are of the opinion that the verdict is not fragrantly against the weight of the evidence.

For these reasons, the judgment of the lower court is affirmed.